**W. J. USERY, Secretary of Labor,**
**Plaintiff-Appellant,**

v.

**LOCAL UNION 1177, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Defendant-Appellee.**

No. 74–3908.

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1976.

---

7. 15 V.I.C. § 13 (1964).

8. *See* 2 Page, Wills § 20.10 (1960).

Douglas M. Gonzales, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., Baton Rouge, La., L. Patrick Gray, III, Harland F. Leathers, Asst. Attys. Gen., Dept. of Justice, U. S. Dept. of Justice, Washington, D. C., William J. Kilberg, Sol. of Labor, Beate Bloch, Assoc. Sol., Jerome J. Davis, U. S. Dept. of Labor, Washington, D. C. , for plaintiff-appellant.

Steve LeBlanc, Baton Rouge, La., for defendant-appellee.

Before BROWN, Chief Judge, JONES and GOLDBERG, Circuit Judges.

JONES, Circuit Judge:

Local Union 177, Laborers' International Union of North America AFL–CIO held a regularly scheduled election of officers on May 29, 1971. Four incumbent officers of the union, who sought reelection, served for pay as members of an election committee. They were reelected. On June 21, 1971, Arthur Thomas and others filed a protest of the election with the union. The Executive Board of the union rejected the protest on July 23, 1971. Thomas filed an appeal on August 19, 1971, with the International Convention. On October 6, 1971, the appeal was denied. On October 26, 1971, Thomas filed a complaint with the Secretary of Labor. On December 21, 1971, the Secretary brought an action under Section 402(b) of the Labor Management and Disclosure Act of 1959, 29 U.S.C.A. § 482(b). The Secretary sought a determination that the election was void and that a new election be held under the supervision of the Secretary.

A regularly scheduled election of union officers was to be held, and was held, on May 24, 1974, while the action brought by the Secretary was pending. At the 1974 election three of the four officials whose 1971 election was disputed were defeated. The union moved for a summary judgment on the ground that the 1974 election had rendered moot any question as to the validity of the 1971 election. The district court granted the motion. The Secretary has appealed.

The union raises a jurisdictional question, contending that the complaint of Thomas to the Secretary was untimely under the statute which provides:

"(a) A member of a labor organization—

(1) Who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body, or

(2) Who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title. . . .

(b) The Secretary shall investigate such complaint and if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization . . . ." 29 U.S.C.A. § 482(a).

It is urged by the union that a complaint is too late if filed later than one month after the three month period of Subsection (a)(2) of the statute. Subsection (a)(2) is not a limitation on Subsection (a)(1). The complaint of Thomas to the Secretary on October 26, 1971, was within one month after the denial of Thomas' appeal on October 6, 1971, and hence was timely.

The question of mootness has been resolved by the Supreme Court. In Wirtz, *Secretary of Labor v. Local 153, Glass Bottle Blowers Association,* 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705, the Court held:

"That when the Secretary of Labor proves the existence of a § 401 violation that may have affected the outcome of a challenged election, the fact that the union has already conducted another unsupervised election does not deprive the Secretary of his right to a court order declaring the challenged election void and

directing that a new election be conducted under his supervision." 389 U.S. 463, 475–76, 88 S.Ct. 643, 650.

In this case the second election was held while the litigation was before the district court. In the *Glass Blowers* case the intervening election was held after the case had been decided in the district court and was pending before the Court of Appeals. This difference does not require the modification of the principle. If the invalidity of the 1971 election be established the Secretary is entitled to have another election conducted under his supervision. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED and REMANDED.